**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEERE & COMPANY AND JOHN** | ) | |
| **DEERE FINANCIAL, F.S.B.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **JEREMY GARRETT AND GARRETT** | ) | |
| **AGRONOMY LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**COMPLAINT**

For its Complaint against Defendants Jeremy Garrett ("Garrett") and Garrett Agronomy LLC ("Garrett Agronomy") (collectively "Defendants"), Plaintiffs Deere & Company and John Deere Financial, f.s.b. (collectively, "Deere" or "Plaintiffs") state as follows:

**PARTIES**

1.      Plaintiff Deere & Company is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware, and a citizen of Illinois and Delaware for diversity purposes.

2.      Plaintiff John Deere Financial, f.s.b. is a federally charted savings bank whose main office and principal place of business is in Wisconsin. Therefore, John Deere Financial, f.s.b. is a citizen of Wisconsin for diversity purposes.

3.      Defendant Jeremy Garrett resides, and can be served with process at 702 Lloyd, Quitman, Texas 75783. Jeremy Garrett is a citizen of Texas for diversity purposes because he is domiciled in Texas.

4.      Defendant Garrett Agronomy LLC is a Texas limited liability company and can be served through its registered agent and sole member, Jeremy Garrett, at 702 Lloyd, Quitman, Texas

75783. Garrett Agronomy is citizen of Texas for diversity purposes because its sole member is an individual domiciled in Texas.

## JURISDICTION & VENUE

5.      This Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amounts owed under the contracts exceed $75,000.00. And, if diversity fails on any claim, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

6.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Lamar County, Texas.

## FACTS COMMON TO ALL COUNTS

7.      Defendants conducted business in Lamar County, Texas.

8.      Garrett is the Managing Member of Garrett Agronomy.

9.      For business purposes, Defendants purchased certain equipment with financing from Deere through 13 separate written agreements and 1 revolving credit agreement.

10.      Defendants have defaulted on their contractual obligations by failing and/or refusing to make the required payments.

11.      All conditions precedent to bringing this action are satisfied.

12.      Deere has suffered damages including compensatory damages, contractual interest, contractual attorneys' fees, repossession fees, costs to recover and dispose of the Collateral, and equipment depreciation.

## COUNT ONE
**Breach of Contract — Account No. 4682.**
**(Against Garrett)**

13.      On April 15, 2020, Garrett executed a Retail Installment Contract – Security Agreement (the "4682 Contract") with Deere & Company to finance the purchase of equipment

used in business operations. A true and correct copy of the 4682 Contract is attached hereto as Exhibit 1.

14. Under the contract, Garrett was required to make regular monthly payments.

15. Garrett executed the 4682 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

16. Garrett failed to submit payments.

17. Garrett is currently past due on payments under the 4682 Contract and the current balance as of November 16, 2025 is $12,108.22.

18. Deere performed all of its obligations under the 4682 Contract.

19. Garrett's breach of the 4682 Contract has harmed Deere in the amount of the collective unpaid balance, repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT TWO**
**Breach of Contract — Account No. 2303**
**(Against Garrett)**

20. On or about July 20, 2020, Garrett applied online and were approved for an open line of credit pursuant to Deere's Multi-Use Credit Agreement ("Credit Agreement") with John Deere Financial, f.s.b. A true and correct copy of the Credit Agreement account documents are attached hereto as Exhibit 2.

3

21.     Garrett utilized the credit for the purchase of goods and services and thereby agreed to the terms and conditions of said Credit Agreement at the time it was issued to Defendant.

22.     As a result of Garrett's credit use, they accrued indebtedness on the revolving credit account under the Credit Agreement.

23.     John Deere Financial fully performed under the terms of the Credit Agreement.

24.     Garrett defaulted in the performance of their obligations under the terms of the Credit Agreement by failing to make payments when due and are in default. John Deere has made demand for payment on the amounts due.

25.     As a direct and proximate result of Garrett's breach, John Deere Financial was damaged in the underlying amount owed of $39,578.20.

26.     Interest in the amount of $5,774.90 is due and owing on the principal balance of $33,803.30 through November 17, 2025 for a total amount of $39,578.20 plus interest at the contract or legal rate of 11.90% from that date forward through the date of Judgment continuing to accrue at 11.90% per annum from the date of Judgment until paid.

WHEREFORE, John Deere Financial, f.s.b. respectfully requests judgment against Defendant Jeremy Garrett in the amount of $39,578.20, together with interest, cost incurred, reasonable attorney's fees, and for all other just and proper relief to which it may be entitled.

## COUNT THREE
**Breach of Contract — Account No. 6352.**
**(Against Garrett)**

27.     On January 27, 2021, Garrett executed a Retail Installment Contract – Security Agreement (the "6352 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 6352 Contract is attached hereto as Exhibit 3.

28.     Under the 6352 Contract, Garrett is required to make regular monthly payments.

NSH 3434028.2

29.    Garrett executed the 6352 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

30.    Garrett failed to submit payments.

31.    Garrett is currently past due on payments under the 6352 Contract and the current balance as of November 17, 2025 is $4,484.46.

32.    Deere performed all of its obligations under the 6352 Contract.

33.    Garrett's breach of the 6352 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT FOUR**
**Breach of Contract — Account No. 4735.**
**(Against Garrett)**

34.    On June 7, 2021, Garrett executed a Retail Installment Contract – Security Agreement (the "4735 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 4735 Contract is attached hereto as Exhibit 4.

35.    Under the 4735 Contract, Garrett is required to make regular monthly payments.

36.    Garrett executed the 4735 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

37.    Garrett failed to submit payments.

5

38.    Garrett is currently past due on payments under the 4735 Contract and the current balance as of November 17, 2025 is $132.49.

39.    Deere performed all of its obligations under the 4735 Contract.

40.    Garrett's breach of the 4735 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT FIVE
### Breach of Contract — Account No. 9824.
### (Against Garrett)

41.    On June 11, 2021, Garrett executed a Retail Installment Contract – Security Agreement (the "9824 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 9824 Contract is attached hereto as Exhibit 5.

42.    Under the 9824 Contract, Garrett is required to make regular monthly payments.

43.    Garrett executed the 9824 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

44.    Garrett failed to submit payments.

45.    Garrett is currently past due on payments under the 9824 Contract and the current balance as of November 17, 2025 is $2,014.67.

46.    Deere performed all of its obligations under the 9824 Contract.

6

47.    Garrett's breach of the 9824 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT SIX
### Breach of Contract — Account No. 0091.
### (Against Garrett)

48.    On August 18, 2021, Garrett executed a Loan Contract – Security Agreement (the "Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 0091 Contract is attached hereto as Exhibit 6.

49.    Under the 0091 Contract, Garrett is required to make regular monthly payments.

50.    Garrett executed the 0091 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

51.    Garrett failed to submit payments.

52.    Garrett is currently past due on payments under the 0091 Contract and the current balance as of November 17, 2025 is $24,946.64.

53.    Deere performed all of its obligations under the 0091 Contract.

54.    Garrett's breach of the 0091 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

7

NSH 3434028.2

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT SEVEN
### Breach of Contract — Account No. 3794.
### (Against Garrett)

55.	On May 19, 2022, Garrett executed a Retail Installment Contract – Security Agreement (the "3794 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 3794 Contract is attached hereto as Exhibit 7.

56.	Under the 3794 Contract, Garrett is required to make regular monthly payments.

57.	Garrett executed the 3794 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

58.	 Garrett failed to submit payments.

59.	Garrett is currently past due on payments under the 3794 Contract and the current balance as of November 17, 2025 is $10,293.28.

60.	Deere performed all of its obligations under the 3794 Contract.

61.	Garrett's breach of the 3794 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy  Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the

NSH 3434028.2

above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT EIGHT
### Breach of Contract — Account No. 6748
### (Against Garrett)

62.     On June 16, 2022, Defendants Garrett executed a Retail Installment Contract – Security Agreement (the "6748 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 6748 Contract is attached hereto as Exhibit 8.

63.     Under the 6748 Contract, Garrett is required to make regular monthly payments.

64.     Garrett executed the 6748 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

65.     Garrett failed to submit payments.

66.     Garrett is currently past due on payments under the 6748 Contract and the current balance as of November 17, 2025 is $71,979.97.

67.     Deere performed all of its obligations under the 6748 Contract.

68.     Garrett's breach of the 6748 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

NSH 3434028.2

## COUNT NINE
### Breach of Contract — Account No. 5940.
### (Against Garrett)

69.    On October 31, 2022, Garrett executed a Retail Installment Contract – Security Agreement (the "5940 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 5940 Contract is attached hereto as Exhibit 9.

70.    Under the 5940 Contract, Garrett is required to make regular monthly payments.

71.    Garrett executed the 5940 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

72.    Garrett failed to submit payments.

73.    Garrett is currently past due on payments under the 5940 Contract and the current balance as of November 17, 2025 is $66,022.27.

74.    Deere performed all of its obligations under the 5940 Contract.

75.    Garrett's breach of the 5940 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

NSH 3434028.2

## COUNT TEN
### Breach of Contract — Account No. 2359.
### (Against Garrett)

76.     On November 25, 2022, Garrett executed a Retail Installment Contract – Security Agreement (the "2359 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 2359 Contract is attached hereto as Exhibit 10.

77.     Under the 2359 Contract, Garrett is required to make regular monthly payments.

78.     Garrett executed the Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

79.     Garrett failed to submit payments.

80.     Garrett is currently past due on payments under the 2359 Contract and the current balance as of November 17, 2025 is $14,707.10.

81.     Deere performed all of its obligations under the 2359 Contract.

82.     Garrett's breach of the 2359 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

NSH 3434028.2

## COUNT ELEVEN
### Breach of Contract — Account No. 1140
### (Against Garrett)

83.     On March 21, 2023, Garrett executed a Retail Installment Contract – Security Agreement (the "1140 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the Contract is attached hereto as Exhibit 11.

84.     Under the 1140 Contract, Garrett is required to make regular monthly payments.

85.     Garrett executed the 1140 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

86.     Garrett failed to submit payments.

87.     Garrett is currently past due on payments under the 1140 Contract and the current balance as of November 17, 2025 is $143,891.17.

88.     Deere performed all of its obligations under the 1140 Contract.

89.     Garrett's breach of the 1140 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendant Jeremy Garrett for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

NSH 3434028.2

## COUNT TWELVE
### Breach of Contract — Account No. 8221.
### (Against Garrett Agronomy and Garrett)

90.     On March 23, 2023, Defendants Garrett Agronomy and Jeremy Garrett executed a Retail Installment Contract – Security Agreement (the "8221 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 8221 Contract is attached hereto as Exhibit 12.

91.     Under the 8221 Contract, Garrett Agronomy and Garrett are required to make regular monthly payments.

92.     Garrett Agronomy and Garrett executed the 8221 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

93.     Garrett Agronomy and Garrett failed to submit payments.

94.     Garrett Agronomy and Garrett are currently past due on payments under the 8221 Contract and the current balance as of November 18, 2025 is $44,328.86.

95.     Deere performed all of its obligations under the 8221 Contract.

96.     Garrett Agronomy and Garrett's breach of the 8221 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendants Garrett Agronomy LLC and Jeremy Garrett, jointly and severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

13

## COUNT THIRTEEN
### Breach of Contract — Account No. 8734.
### (Against Garrett Agronomy and Garrett)

97. On May 26, 2023 Defendants Garrett Agronomy and Jeremy Garrett executed a Retail Installment Contract – Security Agreement (the "8734 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 8734 Contract is attached hereto as Exhibit 13.

98. Under the 8734 Contract, Garrett Agronomy and Garrett are required to make regular monthly payments.

99. Garrett Agronomy and Garrett executed the 8734 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

100. Garrett Agronomy and Garrett failed to submit payments.

101. Garrett Agronomy and Garrett are currently past due on payments under the 8734 Contract and the current balance as of November 17, 2025 is $101,177.34.

102. Deere performed all of its obligations under the 8734 Contract.

103. Garrett Agronomy and Garrett's breach of the 8734 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendants Garrett Agronomy LLC and Jeremy Garrett, jointly and severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT FOURTEEN
**Breach of Contract — Account No. 4814.
(Against Garrett Agronomy and Garrett)**

104.    On June 8, 2023, Defendants Garrett Agronomy and Garrett executed a Retail Installment Contract – Security Agreement (the "4814 Contract") to finance the purchase of equipment used in business operations. A true and correct copy of the 4814 Contract is attached hereto as Exhibit 14.

105.    Under the 4814 Contract, Garrett Agronomy and Garrett are required to make regular monthly payments.

106.    Garrett Agronomy and Garrett executed the 4814 Contract, thereby agreeing to submit monthly payments until the loan balances were paid in full.

107.    Garrett Agronomy and Garrett failed to submit payments.

108.    Garrett Agronomy and Garrett are currently past due on payments under the 4814 Contract and the current balance as of November 17, 2025 is $88,037.69.

109.    Deere performed all of its obligations under the 4814 Contract.

110.    Garrett Agronomy and Garrett's breach of the 4814 Contract has harmed Deere in the amount of the collective unpaid balance, plus repossession fees, interest, costs to recover and dispose of the Collateral, liquidated damages, depreciation, and attorneys' fees and court costs.

WHEREFORE, Deere & Company respectfully requests judgment against Defendants Garrett Agronomy LLC and Jeremy Garrett, jointly and severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

NSH 3434028.2

Respectfully submitted,

**SPENCER FANE LLP**

*/s/ Jonathan C. Smith*
**T. DYLAN REEVES**
State Bar No. 24070483
dreeves@spencerfane.com
**JONATHAN C. SMITH**
State Bar No. 24103940
josmith@spencerfane.com
Telephone: (214) 750-3610
Facsimile: (214) 750-3612
2200 Ross Avenue, Suite 1700
Dallas, Texas 75201
***Counsel for Plaintiffs***

16